NOT DESIGNATED FOR PUBLICATION

No. 116,241

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTONIO M. HURST,
*Appellant*.


MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed June 2, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

LEBEN, J.: Antonio Hurst appeals the district court's decision to revoke his probation and require that he serve his underlying prison sentence. Hurst suggests that the district court should have instead either found no probation violation or, if he did violate his probation, reinstate the probation rather than sending him to prison.

But Hurst had admitted to the district court that he had committed a new offense— driving with a suspended license. And that gave the district court the discretion to send him to prison. We find no abuse of discretion in the district court's decision to do so.

Hurst's underlying offense, for which he was placed on probation, was burglary. The district court sentenced Hurst on July 25, 2010, to a 24-month term of probation,

with an underlying prison sentence of 16 months that Hurst would have to serve if he didn't successfully complete his probation.

The State filed its first motion to revoke Hurst's probation in September 2010, alleging that he had twice tested positive for marijuana and had changed his residence without notifying his probation supervisor. Hurst stipulated that he had violated his probation by failing to stay in contact with his probation supervisor. Consistent with the recommendation of the parties, the court gave Hurst a 30-day stay in jail as a sanction and then reinstated probation for another 24 months.

The State filed a second motion to revoke Hurst's probation in March 2012, this time alleging that while Hurst had been on probation, which was transferred to the State of Missouri, he committed several new offenses (including forgery, operating a motor vehicle without a license, escape, resisting arrest, and possession of marijuana) and ended up in a Missouri prison. Resolution of that motion was delayed while Hurst was in the Missouri prison. At an evidentiary hearing, Hurst admitted that he had been convicted of several offenses in Missouri while he was on the Kansas probation and that he had served about 3 years in prison in Missouri. The court agreed to give Hurst another chance on probation, putting him on probation with Community Corrections for 24 months.

The State then filed its third and final motion to revoke Hurst's probation in August 2014. The motion alleged that Hurst had committed a new offense, driving while his license was suspended or revoked, that he had been involved in drug activity, that he had been found at a house that contained a meth lab, and that he had failed to follow orders from his probation officer. Hurst admitted that he had committed the new offense of driving with a suspended license. The court found additional violations of failing to make payments as directed toward restitution. After finding that the probation terms had been violated, the court revoked the probation and ordered that Hurst serve his underlying prison sentence.

Once a probation violation has been established, the decision to revoke probation has traditionally been considered within the discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). That discretion is now limited by K.S.A. 2016 Supp. 22-3716, but its provision requiring intermediate sanctions before ordering the defendant to serve the underlying prison sentence does not apply once the court finds that the defendant has committed a new offense. Accordingly, we review the district court's decision only for abuse of discretion. Unless the court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the trial court. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

We find nothing unreasonable about the district court's decision here. Hurst had been given three chances at probation and committed new offenses on several occasions.

On Hurst's motion, we accepted this appeal for summary disposition under K.S.A. 2016 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). We have reviewed the record that was available to the sentencing court, and we find no error in its decision to revoke Hurst's probation.

The district court's judgment is therefore affirmed.

3